JAMES G. HADDAD[1] vs. SCHOOL COMMITTEE OF
WORCESTER.

Worcester. January 5, 1978 — July 20, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Constitutional Law,* "Anti-aid" amendment, Use of public money or
property, Schools. *School and School Committee. Education.*

In an action against the school committee of a city by residents thereof
attending a private school in an adjacent town whose request for
the free loan of textbooks pursuant to the amendment of G. L. c. 71,
§ 48, by St. 1973, c. 1196, was refused by the defendant, the decision
in *Bloom* v. *School Committee of Springfield, ante* 35 (1978), holding
the amendment unconstitutional, required entry of judgment for
the defendant. [52]

CIVIL ACTION commenced in the Superior Court on
December 29, 1975.

The case was heard by *Beaudreau,* J., on a statement
of agreed facts.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Joseph F. Sawyer, Jr.,* for the plaintiff.

*William F. Scannell,* Assistant City Solicitor, for the
School Committee of Worcester, submitted a brief.

KAPLAN, J. A statement of agreed facts shows: The
plaintiff, suing on his own behalf and for others similarly
situated, was a resident of the city of Worcester and a
pupil in a private secondary school located in the adja-
cent town of Shrewsbury, a school approved by the
Shrewsbury school committee under G. L. c. 76, § 1. Pur-

---

[1] A minor represented by his father.

suant to the second paragraph of G. L. c. 71, § 48, the plaintiff requested of the defendant school committee of Worcester the free loan of textbooks for the 1974-1975 school year. This request was refused, although the school committee had made certain loans of textbooks to pupils in private schools located in Worcester. The committee justified its refusal, first, on the basis of the unconstitutionality of the statute under art. 46 of the Amendments to the Constitution of the Commonwealth, and, second, on the ground that it was not obliged to furnish books for use in a school outside the city.

A judge of the Superior Court, holding for the plaintiff and the class he represented (stated to consist of 400 students residing in Worcester but attending the same Shrewsbury school), entered a judgment, in accordance with the prayers of the complaint, which ordered the defendant school committee henceforth to furnish textbooks under the statute. In his memorandum the judge addressed himself only to the second ground urged by the defendant school committee. We granted direct review of the judgment.

On the constitutional point the case is controlled by *Bloom* v. *School Comm. of Springfield, ante* 35 (1978), decided this day. We need not reach the second point.

The judgment will be reversed and judgment entered for the defendant.

*So ordered.*